**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY J. RICE, | No. 09-35889 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-03131-PA |
| v. | |
| HOUSEHOLD FINANCE CORP., II; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Jeffrey J. Rice appeals pro se from the district court's summary judgment in

his action arising out of foreclosure proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *United States v. Johnson Controls, Inc.*, 457

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1009, 1012 (9th Cir. 2006). We affirm.

Summary judgment was proper on Rice's Truth in Lending Act claims seeking rescission and damages because Rice brought his action more than three years after the loan's closing and more than one year after his alleged notice seeking rescission, and, thus, these claims were time-barred. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property . . . ."); 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the date of alleged violation).

Contrary to Rice's contentions, the security interest did not become void upon his unilateral notification of cancellation less than one month before the foreclosure sale. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003).

Rice's remaining contentions, including those concerning discovery and defendants' lack of standing to initiate foreclosure proceedings, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

09-35889